UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| STEPHEN ELLSWORTH, as an individual and as a Representative of the classes and on behalf of the general public,<br><br>    Plaintiff,<br>    v.<br><br>U.S. BANK, N.A., and AMERICAN SECURITY INSURANCE COMPANY,<br><br>    Defendants.<br>_____/ | No. C 12-02506 LB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINITFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL<br><br>[ECF No. 120] |

On September 24, 2013, Plaintiff Stephen Ellsworth filed an administrative motion to file under seal a number of exhibits he cites in support of his motion for class certification. *See* Admin. Mot., ECF No. 120.[1] In accordance with the then-applicable local rules, Ellsworth electronically filed redacted copies of his motion and the exhibits at issue, and he lodged unredacted copies of them with the court. *See* N.D. Cal. Civ. L.R. 79-5 (*superseded* October 1, 2013). On October 1, 2013, U.S. Bank filed a declaration in support of Ellsworth's sealing motion. *See* Tahdooahnippah Decl., ECF No. 121. ASIC filed its declaration in support of the sealing motion the same day. *See* Wilson Decl., ECF No. 122. For the reasons explained below, the court GRANTS IN PART and DENIES

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

IN PART Ellsworth's administrative motion to file under seal.

## DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party that seeks to file under seal a document attached to a non-dispositive motion must demonstrate good cause to do so because the public interest favors filing all court documents in the public record. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009). Good cause "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal." *Bain v. AstraZeneca LP*, No. C 09-4147 CW, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011); *see Kamakana*, 447 F.3d at 1179-80 (requiring a "particularized showing").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. That rule permits sealing only where the party establishes that "the document, or portions thereof, are privileged, protecable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The request to seal must be "narrowly tailored to seek sealing only of sealable material." *Id.* "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

Here, Ellsworth seeks to file under seal large portions of his class certification motion, portions of the Richter Declaration, sixteen exhibits attached to the Richter declaration, and one exhibit attached to Ellsworth's own declaration. *See* Sealing Motion, ECF No. 120 at 2-3. The exhibits attached to the Richter Declaration include deposition transcripts (Exs. 1-6), policy and procedure manuals (Exs. 7, 14), contracts (Exs. 8-13, 16), and an annual review of the lender placed insurance services ASIC provided to U.S. Bank (Ex. 15). Finally, Ellsworth seeks to seal Exhibit 5 to his declaration, which appears to be a copy of his own insurance policy. The sole basis for Ellsworths's

sealing motion is that U.S. Bank or ASIC designated this information as confidential under the stipulated protective order. *See* Sealing Motion, ECF No. 120 at 3-4.

On October 1, 2013, U.S. Bank and ASIC filed declarations in support of their sealing requests as required by the Local Rule 79-5. *See* ECF Nos. 121-22. Below, the court addresses the sufficiency of Defendants' showings in the context of the specific documents.

**I. ELLSWORTH'S CLASS CERTIFICATION MOTION**

Ellsworth filed large portions of his class certification motion and the accompanying Richter Declaration under seal because they quote or contain information that U.S. Bank or ASIC designated confidential under the protective order. *See* Redacted versions of Class Certification Motion and the Richter Declaration and ECF Nos. 119 and 119-1, respectively). U.S Bank and ASIC argue that the motion should be sealed wherever it references information they deem confidential. *See* Tahdooahnippah Decl., ECF No. 121, ¶ 15; Wilson Decl., ECF No. 122, *passim*. But just because a particular document may be sealable does not mean that mere references to it are similarly sensitive.

This is a motion for class certification, and the public has a strong interest in knowing the theories of liability. The outlines of these theories already are in public records. The only difference here is that there are references to the supporting evidence. But the motion does not (for the most part) contain confidential information such as contract terms. Accordingly, the court finds that Defendants have not shown good cause for sealing the class certification motion to the extent they request. Because ASIC links specific passages in the motion to the reasons for sealing the corresponding exhibits, however, the court reviewed the unredacted class certification motion and grants the motion to seal only as to the following passages.

| Page | Lines | Note |
| --- | --- | --- |
| 2 | 16 | Starting after "had" and ending at "business" |
| 2 | 19 | The word after "Bank's" |
| 3 | 2 | Starting after "gave ASIC" to "force-place" |
| 4 | 18-24 | Starting after "equal' |
| 4 | n.6 | |

| | | | |
|---|---|---|---|
| 5 | 6-20 | | Only the deposition quotation |
| 5 | 23 | | Starting after "for" to "force-place" |
| 6 | 3-18 | | Starting after "received" |
| 6 | n.7 | | |
| 7 | 17-21 | | Just the figures under "2010" and "2011" and in line 21. |
| 11 | 11 | | Starting after "was" to the citation |
| 11 | 19-23 | | Ending with "In" |
| 13 | 16 | | Just the number |
| 13 | n.12 | | Just the numbers of flood policies |

Except for the passages designated above, the court DENIES the sealing motion.

## II. THE RICHTER DECLARATION

Ellsworth redacted those portions of the Richter Declaration that reference information about the size and scope of the class,[2] list some of the categories of information about the class that ASIC produced, and refer generally to a business relationship between a U.S. Bank entity and ASIC. *See* Richter Decl., ¶ 22-25, 37(d). As above, Defendants contend that these passages should be sealed because they reference confidential documents. This is not good cause. The court finds good cause to seal only the specific numbers of force-placed flood insurance policies identified in paragraph 24. Accordingly, the court GRANTS IN PART AND DENIES IN PART Ellsworth's motion with regard to the Richter Declaration (but not the exhibits discussed below).

## III. THE BUSINESS DOCUMENTS AND THE ELLSWORTH DECLARATION

U.S. Bank and ASIC explain that Exhibits 7 and 14 are their internal policy and procedures manuals for lender placed insurance operations. *See* Tahdooahnippah Decl. ¶ 11; Wilson Decl. ¶ 11. Exhibits 8-13 and 16 are contracts between U.S. Bank and ASIC. Tahdooahnippah Decl. ¶ 12;

---

[2] ASIC states that the underlying class data it produced includes confidential information, but does not argue that the aggregate data in the Richter Declaration is sealable.

1 Wilson Decl. ¶¶ 12, 14. Finally, Exhibit 15 is ASIC's annual review of the services it provided U.S.
2 Bank. Wilson Decl. ¶ 13. Defendants explain the business reasons for filing these documents under
3 seal. These constitute good cause. Accordingly, the court GRANTS Ellsworth's motion to seal with
4 respect to Exhibits 7-16 to the Richter Declaration.

5 Finally, Ellsworth moves to file under seal Exhibit 5 to his declaration, which U.S. Bank
6 designated as confidential. *See* Richter Decl., ECF No. 120 at 3. U.S. Bank does not mention this
7 document, and the court thus finds no good cause to file it under seal. Accordingly, the court
8 DENIES the motion to seal as it pertains to this document.

## IV. DEPOSITION TRANSCRIPTS

10 The Richter Declaration Exhibits 1 through 6 are complete deposition transcripts that U.S. Bank
11 or ASIC (depending on the deposition) designated as confidential under the protective order.

12 U.S. Bank objects to Ellsworth's filing entire deposition transcripts instead of just those portions
13 of the transcripts upon which Ellsworth relied. *See id.* at 3. It also argues that portions of the
14 deposition transcripts lodged as Exhibits 1, 4, and 5 to the Richter declaration constitute "sensitive
15 personal, financial, and/or commercial information" under the protective order. Tahdooahnippah
16 Decl., ECF No. 121 at 3-4. U.S. Bank provides good cause for sealing portions of the transcripts but
17 the court cannot tell which portions.

18 ASIC designates limited portions of Exhibits 2-6 as confidential but also supports U.S. Bank's
19 blanket designations. *See* Wilson Decl., ECF No. 122, ¶¶ 3-9. Also ASIC helpfully filed less
20 redacted copies of several of the deposition transcripts. *See id.* Exs. C-E.

21 Still, there are several problems with the filings. First, U.S. Bank does not show good cause to
22 seal the deposition transcripts in their entirety, but its justifications likely would support sealing
23 portions of them. Second, though ASIC's redactions are helpful, it is not a good use of judicial
24 resources for the court to review side-by-side the complete redacted and unredacted transcripts of 6
25 depositions to determine what should be sealed. Third, Local Rule 79-5 was amended, effective the
26 same day that U.S. Bank and ASIC filed their declarations. Among other things, the amended rule
27 requires the parties to e-file under seal (not lodge) an unredacted version of the document with the
28 publicly redacted portions highlighted. Finally, the court recognizes that there are differing schools

of thought regarding whether it is better to file complete deposition transcripts or only the relevant portions (the cited material and necessary context). Generally, full transcripts can provide helpful context, but it is not workable here to have the full transcripts given the sealing issues. Accordingly, the court defers ruling on the motion to seal the deposition transcripts and orders the following:

1. By the close of business on Monday, October 14 (and preferably earlier), Ellsworth should inform Defendants which portions of the depositions it deems relevant for its motion.

2. Defendants should prepare redacted and unredacted copies of the deposition portions, including any additional excerpts of these depositions that they cite in their opposition briefs.

3. No later than October 24, 2013 (the date their opposition briefs are due), Defendants should jointly provide Ellsworth's counsel with one redacted and one unredacted (but highlighted) copy of the excerpted deposition transcripts, including the portions Defendants cite.[3]

4. By Friday, October 26, 2013, Ellsworth should file amended redacted and unredacted copies of the class certification motion, the declarations, and all exhibits, with redactions that comport with this order.[4] Except for the redactions and the possible addition of deposition excerpts chosen by Defendants, the amended copies must be identical to those Ellsworth previously filed.

## CONCLUSION

For the reasons discussed, the court GRANTS IN PART and DENIES IN PART Ellsworth's adminstrative motion to file under seal. The court (1) grants in part and denies in part the motion to seal portions of Ellsworth's class certification motion and the Richter Declaration itself (not the exhibits), (2) denies the motion as to the Ellsworth Declaration Exhibit 5, (3) defers ruling on the motion with respect to the Richter Declaration Exhibits 1-6, and (4) grants the motion as to the Richter Declaration Exhibits 7-16.

This disposes of ECF No. 120.

---

[3] In their opposition briefs, Defendants can cite to the deposition by deponent name, transcript page, and line number.

[4] If possible, please provide courtesy copies with printing on both sides of the page. *See* Judge Beeler's Standing Order.

C 12-02506 LB (ORDER) 6

**IT IS SO ORDERED.**

Dated: October 18, 2013


LAUREL BEELER
United States Magistrate Judge